IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH FARROW and JORDAN GRESHAM FARROW, as personal representatives of decedent Reginald A. Farrow,<br><br>Plaintiffs,<br><br>v.<br><br>SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY, BRANCH BANKING AND TRUST COMPANY, MCGRIFF INSURANCE SERVICES, INC., and JOHN DOE,<br><br>Defendants. | CASE NO. |

## NOTICE OF REMOVAL

Defendants Branch Banking & Trust Company ("BB&T") and McGriff Insurance Services, Inc. ("McGriff"), hereby give notice that, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, they remove the above-styled action filed in the Superior Court of Newton County, State of Georgia, to the United States District Court for the Northern District of Georgia. In support of this Notice of Removal, BB&T and McGriff respectfully show the following.

## THE REMOVED STATE COURT ACTION

1. On August 1, 2019, Plaintiffs Kenneth Farrow and Jordan Gresham Farrow, as personal representatives of decedent Reginald A. Farrow (together, "the Farrows"), filed a complaint against BB&T, McGriff, Securian Financial Group, Inc. ("Securian"), and Minnesota Life Insurance Company ("MLIC") in the Superior Court of Newton County, State of Georgia, Case No. SUCV2019001574 (the "State Court Action").  A true and correct copy of service of the Summons and the Complaint on BB&T in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of service of the Summons and the Complaint served on McGriff in the State Court Action is attached hereto as **Exhibit B**.  True and correct copies of all pleadings and orders filed in the State Court Action are attached hereto as **Exhibit C**.

2. On September 6, 2019, the Farrows served BB&T and McGriff with a copy of the Complaint in the State Court Action.

3. The Complaint alleges the Farrows are entitled to, but have been denied, accidental death benefits from four Accidental Death & Dismemberment ("AD&D") insurance policies issued to the decedent that were sponsored by BB&T and underwritten by MLIC.

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

4.  Federal courts have subject matter jurisdiction over civil suits between citizens of different states if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

5.  In the complaint filed in the State Court Action, the Farrows allege that they reside at 330 Deep Step Road, Covington, GA, which is located in Newton County.  Upon information and belief, the Farrows are both citizens of the State of Georgia for purposes of § 1332.

6.  BB&T is incorporated in North Carolina and has its principal place of business in North Carolina.  Therefore, BB&T is a citizen of North Carolina for purposes of § 1332.

7.  McGriff is incorporated in North Carolina and has its principal place of business in North Carolina.  Therefore, McGriff is a citizen of North Carolina for purposes of § 1332.

8.  MLIC is incorporated in Minnesota and has its principal place of business in Minnesota.  Therefore, MLIC is a citizen of Minnesota for purposes of § 1332.

9. Securian is incorporated in Delaware and has its principal place of business in Minnesota. Therefore, MLIC is a citizen of Delaware and Minnesota for purposes of § 1332.[1]

10. Plaintiffs have also sued a fictitious John Doe defendant and allege that they "believe[] that he is a resident of Georgia." Compl. ¶ 7. The citizenship of a fictitious defendant, however, is disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). Therefore, the citizenship of the fictitious John Doe defendant is disregarded for removal purposes.

11. In summary, Plaintiffs are Georgia citizens, while none of the non-fictitious Defendants is a Georgia citizen. The parties are completely diverse under § 1332.

12. The Farrows seek $725,000 in insurance benefits. Compl., Prayer for Relief. The Farrows also seek compensatory damages, punitive damages, and attorneys' fees. *Id.* Thus, the amount in controversy exceeds $75,000, the jurisdictional threshold in 28 U.S.C. § 1332.

---

[1] The State Court Complaint incorrectly alleges that Securian is incorporated in Minnesota, rather than Delaware. Regardless, for purposes of this Notice of Removal, the citizenship of Securian as alleged is diverse from the citizenship of Plaintiffs for purposes of § 1332.

## VENUE

13.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place where the state-court action is pending.

## TIMELINESS OF REMOVAL

14.     BB&T and McGriff file this Notice of Removal within 30 days of their receipt of the Complaint in accordance with 28 U.S.C. § 1446(b).

## ATTACHMENT OF STATE COURT PLEADINGS

15.     BB&T and McGriff have complied with 28 U.S.C. § 1446(a) by attaching as **Exhibits A, B, and C** a copy of the process, pleadings, and orders served on BB&T and McGriff or otherwise filed in the state-court action.

## NOTICE OF REMOVAL GIVEN TO THE STATE COURT

16.     BB&T and McGriff have attached a copy of the Notice of Filing Notice of Removal as **Exhibit D.**  Promptly after filing this Notice with the Clerk of this Court, BB&T and McGriff will file a copy of the attached **Exhibit D** with the Superior Court of Newton County, Georgia, and serve that notice on Plaintiffs' counsel as required under 28 U.S.C. § 1446(d).

## CONSENT OF CO-DEFENDANTS

17. This action is properly removed because all co-defendants who have been properly joined have joined in or consented to removal.[2]  28 U.S.C. § 1446(b)(2)(A).  The co-defendants' written consents are attached as **Exhibit E**.

## RESERVATION OF RIGHTS

18. For the avoidance of doubt, BB&T and McGriff do not waive any rights by filing this Notice of Removal and instead expressly reserve all rights.

WHEREFORE, the above-captioned matter is removed to the United States District Court for the Northern District of Georgia.

Respectfully submitted on September 24, 2019.

|  |  |
|---|---|
| KILPATRICK TOWNSEND & <br>    STOCKTON LLP <br> 1100 Peachtree Street, Suite 2800 <br> Atlanta, Georgia 30309 <br> Phone: (404) 815-6500 <br> Fax: (404) 815-6555 | /s/ John P. Jett <br> John P. Jett, GA Bar No. 827033 <br> Stephanie N. Bedard, GA Bar No. 825614 <br> jjett@kilpatricktownsend.com <br> sbedard@kilpatricktownsend.com <br><br> *Counsel for Defendants BB&T and McGriff* |

---

[2] As of the date of this filing, Securian and MLIC have not acknowledged service pursuant to Ga. Code § 9-11-4.

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: September 24, 2019.

/s/ John P. Jett
John P. Jett

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2019, I served a true and correct copy of the foregoing on counsel for Plaintiffs by U.S. Mail delivery, postage prepaid, and electronic mail delivery, to the following address:

Michael T. Sterling
Georgia Bar No. 745667
DRYER STERLING
P.O. Box 89310
Atlanta, GA 30312
470-354-0600
michael@dreyersterling.com

*Counsel for Plaintiffs*

Andrea E. Nieto
Georgia Bar No. 451507
MCDOWELL HETHERINGTON LLP
2101 N.W. Corporate Blvd., Ste 316
Boca Raton, FL 33431
Telephone: (561) 994-4311
Fax: (561) 982-8985
andrea.nieto@mhllp.com

*Counsel for Securian Financial Group, Inc. and Minnesota Life Insurance Company*

Date: September 24, 2019

KILPATRICK TOWNSEND
  & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Phone: (404) 815-6020
Fax: (404) 541-3174

s/ John P. Jett
John P. Jett
Georgia Bar No. 827033
jjett@kilpatricktownsend.com

*Counsel for Defendants BB&T and McGriff*