IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH FARROW, JORDAN FARROW, individually, and JORDAN FARROW, as the Personal Representative of THE ESTATE OF REGINALD FARROW, <br><br> Plaintiffs, <br><br> v. <br><br> MINNESOTA LIFE INSURANCE COMPANY. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Case No: 1:19-cv-04298-WMR ) ) ) ) ) ) ) ) |

## **PLAINTIFFS FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT**

Plaintiffs Kenneth Farrow ("Mr. Farrow"), Jordan Gresham Farrow ("Mrs. Farrow"), and the Estate of Reginald Farrow (collectively "Plaintiffs") file their First Amended Complaint for Damages against Defendant MINNESOTA LIFE INSURANCE COMPANY ("Minnesota") by showing this Honorable Court the follows:

1

## PARTIES

1. Plaintiffs Kenneth Farrow and Jordan Farrow are married and reside at 330 Deep Step Road, Covington, Georgia 30014 which is located in Newton County, Georgia. They are the beneficiaries to the Accidental Death and Dismemberment Policies secured by Reginald Farrow ("Reginald"). Jordan Farrow is also the personal representative of the Reginald Farrow estate.

2. Reginald Farrow is deceased, having transitioned on February 11, 2019.

3. Defendant Minnesota Life entered into four separate contracts with Reginald Farrow for four separate Accidental Death and Dismemberment Policies: (i) policy 1 ending in 4914 that was made effective on July 26, 2013; (ii) policy 2 ending in 2012 that was made effective on February 2, 2016; (iii) policy 3 ending in 2187 that was made effective on February 3, 2016; and (iv) policy 4 ending in 2187 that was made effective on January 6, 2019.

4. Minnesota Life is a foreign corporation with a principal address of 400 Roberts St. N, Saint Paul, Minnesota 55101 and has a local registered agent named Corporation Service Company, which is located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

5. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

Plaintiffs are Georgia residents and Defendant is a Minnesota Corporation with its principal place of business in Minnesota. Therefore, complete diversity jurisdiction exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

6. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District and the subject contract was executed in this District.

## GENERAL FACTS

7. Reginald Farrow contracted with Minnesota Life and purchased four separate Accidental Death and Dismemberment Policies over the course of approximately five and half years, beginning in 2013 and purchasing the last policy in January 2019.

8. Each policy provided that Reginald Farrow's beneficiaries would be paid death benefits if Mr. Farrow's death was the result of an accident resulting directly and independently from an accidental injury that was unintended, unexpected and unforeseen so long as the death occurred within 90 days after the accidental injury.

9. The first policy ending in 4914 had a coverage amount of $50,000 and

was entered into on July 21, 2013 with an effective date of July 26, 2013 and did not name a specific beneficiary.

10.     The second policy ending in 2012 with a coverage amount of $50,000 was entered into on January 29, 2016 with an effective date of February 2, 2016 and named Ken Farrow as the beneficiary.

11.     The third policy ending in 2187 with a coverage amount of $300,000 was entered into January 29, 2016 with an effective date of February 3, 2016 and named Jordan Farrow as the beneficiary.

12.     The fourth policy ending in 3807 with a coverage amount of $300,000 with an effective date of January 6, 2019 and named Jordan Farrow as the beneficiary.

13.     Each and every policy was fully paid up and at all times from the effective date until Mr. Reginald Farrow's passing remained in full effect.

14.     On February 2, 2019, Reginald suffered an accidental fall at home.

15.     Less than 90 days later, on February 11, 2019, Mr. Reginald Farrow passed away as a result of that fall.

16.     After conducting the death investigation, the coroner ruled that Mr. Reginald Farrow's death was caused by a ground level fall leading to a cerebrovascular accident. (*See* **Exhibit A**).

17.     The Coroner cited no other significant conditions, medical or

otherwise, as contributing to Reginald Farrow's death. (*See* **Exhibit A**).

18.     After Plaintiffs attempted to collect the death benefits, Defendant Minnesota Life denied coverage claiming that: (i) the medical records do not support that Reginald Farrow sustained injuries in a fall which caused his death, directly and indirectly and independently from all other causes; and (ii) a policy exclusion applied because Reginald's medical conditions caused or contributed to his fall, directly or indirectly, as well as his inability to get himself up off the floor after he fell.

## COUNT ONE
### (Breach of Contract- Policy ending in 4914)

19.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 18.

20.     The Accidental Death and Dismemberment Insurance Policy contract entered into between Reginald Farrow and Minnesota Life ending in 4914 provided that $50,000 in benefits would be paid out upon an accidental death, unless "death is caused directly or indirectly by, results from, or there is contribution from any of the following: bodily or mental infirmity, illness or disease." There was no named beneficiary to the policy and thus, the death benefits pass, generally, to the estate of Reginald Farrow.

21.     According to the Newton County Coroner's investigation, Reginald

Farrow suffered a ground level fall which, in turn, resulted in his death.

22.     The Death Certificate and corresponding death investigation did not find that any of Reginald Farrow's medical impairments triggered the ground level fall or contributed to his death in any manner.

23.     As evident in the Death Certificate, the Newton County Coroner certified that Reginald Farrow's cause of death was the direct result of the ground level fall and that there were no other contributing factors.

24.     Upon Reginald Farrow's untimely passing, Defendant refused to pay the Death benefits in accordance with Policy 4914.

25.     Minnesota Life breached the accidental death and dismemberment policy contract ending in 4914 by refusing to pay out the death benefits.

## COUNT II
### (Breach of Contract- Policy ending in 2012)

26.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25.

27.     The Accidental Death and Dismemberment Insurance Policy contract entered into between Reginald Farrow and Minnesota Life ending in 2012 provided that $50,000 in death benefits would be paid out to Kenneth Farrow upon Reginald Farrow's accidental death, unless "death is caused

6

directly or indirectly by, results from, or there is contribution from any of the following: bodily or mental infirmity, illness or disease."

28. According to the Newton County Coroner's investigation, Reginald Farrow suffered a ground level fall which, in turn, resulted in his death.

29. The Death Certificate and corresponding death investigation did not find that any of Reginald Farrow's medical impairments triggered the ground level fall or contributed to his death in any manner.

30. As evident in the Death Certificate, the Newton County Coroner certified that Reginald Farrow's cause of death was a direct result of the ground level fall and that there were no other contributing factors.

31. Upon Reginald Farrow's untimely passing, Defendant refused to pay the death benefits in accordance with Policy 2012 to Kenneth Farrow.

32. Defendant breached the accidental death and dismemberment policy contract ending in 2012 by refusing to pay out the death benefits to Kenneth Farrow.

## COUNT III
**(Breach of Contract- Policy ending in 2187)**

33. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32.

34. The Accidental Death and Dismemberment Insurance Policy

entered into between Reginald Farrow and Minnesota Life ending in 2187 provided that $300,000 in death benefits would be paid out to Jordan Farrow upon Reginald Farrow's accidental death, unless "death is caused directly or indirectly by, results from, or there is contribution from any of the following: bodily or mental infirmity, illness or disease."

35. According to the Newton County Coroner's investigation, Reginald Farrow suffered a ground level fall which, in turn, resulted in his death.

36. The Death Certificate and corresponding death investigation did not find that any of Reginald Farrow's medical impairments triggered the ground level fall or contributed to his death in any manner.

37. As evident in the Death Certificate, the Newton County Coroner certified that Reginald Farrow's cause of death was a direct result of the ground level fall and that, there were no other contributing factors.

38. Upon Reginald Farrow's untimely passing, Defendant refused to pay the death benefits in accordance with Policy 2187 to Jordan Farrow.

39. Defendant breached the accidental death and dismemberment policy contract ending in 2187 by refusing to pay out the death benefits to Jordan Farrow.

## COUNT IV
## (Breach of Contract- Policy ending in 3807)

40. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 39.

41. The Accidental Death and Dismemberment Insurance Policy contract entered into between Reginald Farrow and Minnesota Life ending in 3807 provided that $300,000 in benefits would be paid out to Jordan Farrow upon Reginald Farrow's accidental death, unless "death is caused directly or indirectly by, results from, or there is contribution from any of the following: bodily or mental infirmity, illness or disease."

42. According to the Newton County Coroner's death investigation, Reginald Farrow suffered a ground level fall which, in turn, resulted in his death.

43. The Death Certificate and corresponding death investigation does not provide that any of Reginald's medical impairments triggered the ground level fall or contributed to his death in any manner.

44. As evident in the Death Certificate, the Newton County Coroner certified that the cause of death for Reginald Farrow was a direct result of the accidental ground level fall and that there were no other contributing factors to his death.

45. Upon Reginald Farrow's untimely passing, Defendant refused to pay the death benefits in accordance with Policy 3807 to Jordan Farrow.

46. Defendant breached the accidental death and dismemberment policy Contract ending in 3807 by refusing to pay out the death benefits to Jordan Farrow.

## **PRAYER FOR RELIEF AND DAMAGES**

Wherefore, Plaintiffs pray that:

(a) A trial by jury be conducted;

(b) That an award for the full amount owed to the Plaintiffs as life Insurance beneficiaries which is in excess of $700,000 be entered as judgement against the Defendant;

(c) That an award for Plaintiffs' reasonable attorneys' fees, costs and interest against Defendant be entered; and

(d) That the Court grant such other and further relief as it deems just and proper.

This the 11th day of March 2020.

                                         Respectfully Submitted,

                                         DREYER STERLING

                                         <u>/s/ Michael T. Sterling</u>
                                         Michael T. Sterling
                                         Georgia Bar No. 745667
                                         P.O. Box 89310
                                         Atlanta, Georgia 30312
                                         (470) 354- 0600 (Telephone)
                                         (404) 521-4154 (Facsimile)
                                         michael@dreyersterling.com
                                         *Counsel for Plaintiffs*

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1 D**

By signature below, counsel certified that the foregoing document was prepared utilizing an 8½" x 11" page with Times New Roman, 14-point font, double spaced, single-sided, margins and page numbering all in compliance with Local Rule(s) 5.1, et seq.

Respectfully submitted this 11th day of March, 2020.

                                                Respectfully Submitted,

                                                DREYER STERLING

                                                <u>/s/ Michael T. Sterling</u>
                                                Michael T. Sterling
                                                Georgia Bar No. 745667
                                                P.O. Box 89310
                                                Atlanta, Georgia 30312
                                                (470) 354- 0600 (Telephone)
                                                (404) 521-4154 (Facsimile)
                                                michael@dreyersterling.com
                                                *Counsel for Plaintiffs*

# EXHIBIT A

From: 02/14/2019 18:06 #753 P.002/004

Claim # ███

# GEORGIA DEATH CERTIFICATE

State File Number **2019GA000007748**

| # | Field | Value |
|---|---|---|
| 1 | DECEDENT'S LEGAL FULL NAME (First, Middle, Last) | REGINALD LEE FARROW |
| 1a | IF FEMALE, ENTER LAST NAME AT BIRTH | |
| 2 | SEX | MALE |
| 2a | DATE OF DEATH (Mo., Day, Year) | ACTUAL DATE OF DEATH 02/11/2019 |
| 3 | SOCIAL SECURITY NUMBER | ███ |
| 4a | AGE (Years) | 69 |
| 4b | UNDER 1 YEAR | |
| 4c | UNDER 1 DAY | |
| 5 | DATE OF BIRTH (Mo., Day, Year) | ███ |
| 6 | BIRTHPLACE | GEORGIA |
| 7a | RESIDENCE - STATE | GEORGIA |
| 7b | COUNTY | NEWTON |
| 7c | CITY, TOWN | OXFORD |
| 7d | STREET AND NUMBER | ███ |
| 7e | ZIP CODE | 30054 |
| 7f | INSIDE CITY LIMITS? | NO |
| 8 | ARMED FORCES? | YES |
| 8a | USUAL OCCUPATION | MAINTENANCE |
| 8b | KIND OF INDUSTRY OR BUSINESS | TEXTILE MANUFACTURING |
| 9 | MARITAL STATUS | DIVORCED |
| 10 | SPOUSE NAME | |
| 11 | FATHER'S FULL NAME (First, Middle, Last) | WILLIAM REGINALD FARROW |
| 12 | MOTHER'S MAIDEN NAME (First, Middle, Last) | CARRIE LURINE ALLEN |
| 13a | INFORMANT'S NAME (First, Middle, Last) | KENNETH LEE FARROW |
| 13b | RELATIONSHIP TO DECEDENT | SON |
| 13c | MAILING ADDRESS | ███ OXFORD GEORGIA 30054 |
| 14 | DECEDENT'S EDUCATION | 10TH GRADE COMPLETED |
| 15 | ORIGIN OF DECEDENT | NO, NOT SPANISH/HISPANIC/LATINO |
| 16 | DECEDENT'S RACE | WHITE |
| 17a | IF DEATH OCCURRED IN HOSPITAL | INPATIENT |
| 17b | IF DEATH OCCURRED OTHER THAN HOSPITAL | |
| 18 | HOSPITAL OR OTHER INSTITUTION NAME | ATHENS REGIONAL MEDICAL CENTER |
| 19 | CITY, TOWN or LOCATION OF DEATH | ATHENS |
| 20 | COUNTY OF DEATH | CLARKE |
| 21 | METHOD OF DISPOSITION | BURIAL |
| 22 | PLACE OF DISPOSITION | LAWNWOOD MEMORIAL PARK 1111 ACCESS ROAD COVINGTON GEORGIA 30014 |
| 23 | DISPOSITION DATE | 02/14/2019 |
| 24a | EMBALMER'S NAME | THOMAS E DAVIS |
| 24b | EMBALMER LICENSE NO. | 3310 |
| 25 | FUNERAL HOME NAME | J C HARWELL SON FUNERAL HOME |
| 25a | FUNERAL HOME ADDRESS | 2157 EAST STREET COVINGTON GEORGIA 30014 |
| 26a | SIGNATURE OF FUNERAL DIRECTOR | THOMAS E DAVIS |
| 26b | FUN. DIR. LICENSE NO. | 3743 |
| 27 | DATE PRONOUNCED DEAD | 02/11/2019 |
| 28 | HOUR PRONOUNCED DEAD | 13:55 MILITARY |
| 29a | PRONOUNCER'S NAME | ALFRED VIJAY RATHINAM |
| 29b | LICENSE NUMBER | 074767 |
| 29c | DATE SIGNED | 02/11/2019 |
| 30 | TIME OF DEATH | 13:55 MILITARY |
| 31 | WAS CASE REFERRED TO MEDICAL EXAMINER | YES |

32. Part I. Enter the chain of events-diseases, injuries, or complications that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, Or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.

| | Cause | Approximate interval between onset and death |
|---|---|---|
| IMMEDIATE CAUSE A. | CEREBROVASCULAR ACCIDENT | 9 DAYS |
| Due to, or as a consequence of B. | GROUND LEVEL FALL | 9 DAYS |
| Due to, or as a consequence of C. | | |
| Due to, or as a consequence of D. | | |

Part II. Enter significant conditions contributing to death but not related to cause given in Part 1A. If female, indicate if pregnant or birth occurred within 90 days of death.

| 33 | WAS AUTOPSY PERFORMED? | NO |
| 34 | WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? | |
| 35 | TOBACCO USE CONTRIBUTED TO DEATH | NO |
| 36 | IF FEMALE (range 10-54) PREGNANT | NOT APPLICABLE |
| 37 | ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED | ACCIDENT |
| 38 | DATE OF INJURY | 02/02/2019 |
| 39 | TIME OF INJURY | UNKNOWN |
| 40 | PLACE OF INJURY | DECEDENT'S HOME |
| 41 | INJURY AT WORK? | NO |
| 42 | LOCATION OF INJURY | UNKNOWN |
| 43 | DESCRIBE HOW INJURY OCCURRED | GROUND LEVEL FALL |
| 44 | IF TRANSPORTATION INJURY | NO |

45. To the best of my knowledge death occurred at the time, date and place and due to the cause(s) stated. Medical Certifier (Name, Title, License No.)

46. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.)
/S/ THOMAS E DAVIS CORONER

| 45a | DATE SIGNED | |
| 45b | HOUR OF DEATH | |
| 46a | DATE SIGNED | 02/14/2019 |
| 46b | HOUR OF DEATH | 13:55 MILITARY |

47. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH
THOMAS E DAVIS 1124 CLARK STREET COVINGTON GEORGIA 30014

48. REGISTRAR (Signature) /S/ GWENDOLYN DUFFIN

49. DATE FILED - REGISTRAR (Mo., Day, Year) 02/14/2019

Form 3903 (Rev. 04/2012), GEORGIA DEPARTMENT OF HUMAN RESOURCES    DO NOT FOLD THIS CERTIFICATE

EXHIBIT E